UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80111-BLOOM/Reinhart

CENTRE HILL COURTS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Plaintiff/Counterclaim-Defendant Centre Hill Courts Condominium Association Inc.'s ("Plaintiff") Motion to Dismiss Counterclaim for Declaratory Relief, ECF No. [18] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, the record in this case, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motion.

**I.    BACKGROUND**

This is an action by Plaintiff, a condominium association, against Defendant Rockhill Insurance Company ("Defendant") for recovery of proceeds and benefits allegedly owed under Plaintiff's insurance policy for damages to its property located at 825 & 875 NW 13th Street, Boca Raton, Florida, 33486 (the "Property"). Plaintiff purchased from Defendant an insurance policy, Policy No. EB3R16-10013 ("Policy"), which provided coverage on the Property. On September 12, 2017, Defendant received a property loss notice advising that the Property had sustained damage as a result of Hurricane Irma on September 10, 2017. Defendant did not make payment to Plaintiff for the reported loss.

As a result, Plaintiff filed a breach of contract claim against Defendant in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. On December 18, 2018 Plaintiff filed an Amended Complaint. *See* ECF No. [10-1]. On January 25, 2019, Defendant removed the action to this Court. ECF No. [1]. On February 1, 2019, Defendant filed its Answer and Affirmative Defenses and asserted a one-count Counterclaim requesting that the Court declare that Defendant does not owe any payment to Plaintiff for the reported loss under the Policy. ECF No. [11].

Plaintiff filed the instant Motion and argues that the Court should exercise its discretion to dismiss Defendant's Counterclaim. Plaintiff contends that Defendant's Counterclaim is duplicative of Defendant's affirmative defenses, Defendant's Counterclaim is subsumed by claims advanced in Plaintiff's breach of contract claim, and Defendant fails to demonstrate a present need for policy construction. Defendant responds that there is a practical need for its declaratory relief action because it seeks different relief than Plaintiff's Amended Complaint.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III.   ANALYSIS

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Pursuant

to the plain language, a district court's ability to grant relief under the Act is permissive, and while the Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942)).  Accordingly, courts retain broad discretion over whether or not to exercise jurisdiction under the Act.  *Knights Armament Co. v. Optical Sys. Tech., Inc.,* 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008).  Further, the Act confers jurisdiction only "[i]n a case of actual controversy."  *See* 28 U.S.C. § 2201.  This actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels,* 512 F. App'x 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.,* 931 F.2d 744, 747 (11th Cir. 1991)). Additionally, because the Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party," the Act grants a court "unique and substantial discretion in deciding whether to declare the rights of litigants."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 136 (2007) (citing 28 U.S.C. § 2201(a)). Thus, when presented with a redundant counterclaim for declaratory judgment, a court may either strike or dismiss the filing.

When determining whether to exercise jurisdiction over a counterclaim, or, alternatively, whether to dismiss the same as redundant, a court must consider whether the declaratory action serves a useful purpose.  *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC,* 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (internal quotation omitted).  In order to discern whether a declaratory action serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendant[ ], would resolve all questions raised by the counterclaim." *Id.* (internal quotation omitted).

Defendant seeks a declaration that no payment is owed to Plaintiff for the reported loss under the Policy.  Plaintiff, on the other hand, claims that Defendant breached the Policy by failing to cover Plaintiff's reported loss.  The Court finds that Defendant's Counterclaim is wholly redundant.  Resolution of Plaintiff's claim and Defendant's affirmative defenses will decide the factual and substantive issues presented by Defendant's Counterclaim.  *See U.S. ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-cv-22536, 2014 WL 186125, at *5 (S.D. Fla. Jan. 16, 2014) ("Because the resolution of BAC's claims and ACE's defenses thereto would resolve the questions raised in ACE's counterclaim, the Court finds that the counterclaim for declaratory judgment serves no useful purpose. ... Accordingly, the Court will exercise its discretion to dismiss ACE's counterclaim." (citations omitted)); *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-cv-60154, 2013 WL 4543796, at *5 (S.D. Fla. Aug. 27, 2013) (exercising discretion in dismissing redundant counterclaim).  Thus, there is no favorable reason or useful purpose to retain Defendant's counterclaim.

Defendant relies on *Medmarc*, where the court exercised its discretion not to dismiss a redundant counterclaim for declaratory relief.  783 F. Supp. 2d. at 1216–17.  There, the plaintiff and defendant brought opposing claims for declaratory relief regarding whether defendant was covered under an insurance policy.  *Id.* at 1215.  Defendant also requested that the court require plaintiff to pay any settlement or judgment entered against defendant and enforce plaintiff's duty to defend.  *Id.*  The court followed the logic of *Procentury Ins. Co. v. Harbor House Club Condo. Assoc., Inc.,* 652 F. Supp. 2d 552 (D. N.J. 2009), finding that "because the declaratory relief requested by each party hinged on a different interpretation of the parties' conduct and the terms of the insurance policy, the counterclaim should not be dismissed as redundant."  *Id.* (citing *Procentury* at 556-57).

5

Case No. 19-cv-80111-BLOOM/Reinhart

In contrast to *Medmarc*, Defendant seeks a ruling from the Court on the identical issues existing within Plaintiff's breach of contract claim. Defendant's argument that it "will not be able to secure full, adequate and complete relief" is unavailing. Plaintiff's breach of contract claim seeks a determination that the insurance contract was breached and seeks damages under the insurance contract as a result. This is the precise relief that the Defendant seeks in the converse. Additionally, Defendant has identified no contractual provision that is vague or ambiguous and requires interpretation or construction.  *See Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-cv-21163, 2012 WL 1416428, at *2–3 (S.D. Fla. Apr. 24, 2012) (dismissing declaratory relief counterclaim because "[i]dentification of a contractual provision in need of construction is necessary to state a claim for declaratory judgment, but Defendant identifies none.").  Accordingly, the Court exercises its discretion to dismiss Defendant's Counterclaim.

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [18]**, is **GRANTED**.

2. Defendant's Counterclaim, ECF No. [11] at 21-29, is **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record