UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No: 9:19-cv-80111-BB

CENTRE HILL COURTS
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

Defendant.
_______________________________/

**DEFENDANT, ROCKHILL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO SUBPOENA DUCES TECUM TO MADSEN, KNEPPERS & ASSOCIATES, INC.**

Defendant, ROCKHILL INSURANCE COMPANY ("Rockhill"), by and through its undersigned counsel and pursuant to the Fed.R.Civ.P. 26, the Local Rules, and all applicable law, hereby files its Reply to Plaintiff's Response in Opposition to Motion for Protective Order and Objections to Plaintiff's April 22, 2019 Subpoena Duces Tecum to Madsen, Kneppers & Associates, Inc. scheduled for May 21, 2019, (the "Subpoena"), and states as follows:

**ARGUMENT AND MEMORANDUM OF LAW**

**Plaintiff Is Prematurely Seeking to Discover Expert Information**

In Defendant's Initial Disclosures, Defendant listed Arthur Ashworth of Madsen, Kneppers & Associates ("MKA"), as Rockhill's Consulting Expert. [DE#22]. Additionally, in its Initial Disclosures Defendant advised "Mr. Arthur Ashworth is the engineer retained by Rockhill to inspect the subject property. He may have knowledge relating to the condition, damage, and reported damage at the subject property." Accordingly, Defendant put Plaintiff on early notice that MKA was contemplated as a potential expert for Defendant in this matter.

Pursuant to the Joint Scheduling Report filed on February 19, 2019, the parties agreed that Plaintiff shall disclose experts, witness summaries, and reports by September 9, 2019, and that Defendant shall disclose experts, expert witness summaries, and reports, by October 9, 2019. [D.E.#16].

Notwithstanding Defendant's advisory, Plaintiff nonetheless issued the Subpoena Duces Tecum, to MKA seeking extensive document discovery, months in advance of the October 9, 2019 deadline. Nonetheless, case law is clear is that a party's discovery obligations are tied to the deadlines set forth in the adopted scheduling orders, and not by the parties' own convenience. *See e.g., Young et. al. v. Lexington Insurance Company*, 269 F.R.D. 692, (S.D. Fla. Nov. 1, 2010)(granting Defendant's Motion to Strike Plaintiff's Experts due to Plaintiff's failure to timely make disclosures within the timeframe set by the case management deadlines); *Brown v. NCL (Bahamas) Ltd*., 190 F.Supp.3d 1136 (S.D. Fla. June 6, 2016) (holding Fed. R. Civ. P. 26(a)(2)(D) requires a party to make expert disclosures at the times and in the sequence that the court's scheduling order requires).

Thus, Plaintiff cannot use discovery to supplant the Court's adopted deadlines by requiring Defendant to prematurely disclose information. *See Bonutti Skeletal Innovations LLC v. Linvatec Corp*., 2014 WL 186123 at *4 (M.D.Fla. Jan. 16, 2014). In *Bonutti*, the Court denied Defendant's Motion to Compel Plaintiff to Provide a Complete Answer to Interrogatory, on the basis the discovery was premature, holding: "Interrogatory No. 16 . . . asks [plaintiff] to provide a detailed explanation of a substantial part of its case before expert discovery on these issues as taken place." *Id*. *See also Tel-Tron Technologies Corp v. Stanley Sec. Solutions, Inc*., 2012 WL 3522669 at *2 (M.D. Fla. Aug. 14, 2012) *citing to IP Innovation, LLC et al. v. Sharp Corp*., 2019 F.R.D.

427, 429-43 (N.D.Ill.2003)("Plaintiffs seek a claim by claim and element by element comparison of any prior art or other invalidity defenses . . . Plaintiff's request for an invalidity analysis before Sharp is required to produce its expert report is denied as premature.")

Therefore, Defendant requests the Court grant Defendant's Motion for Protective Order, precluding Plaintiff from seeking expert discovery, until Defendant's obligation to disclose expert information arises pursuant to the Court's adopted deadlines.

**Plaintiff's Overbroad Requests Encompass Privileged Material**

Plaintiff's Exhibit "A" attached to the Subpoena contains a list of deliberately overbroad document requests, which necessarily encompass material which is not discoverable on the grounds of attorney client/work product, or other privilege, thereby obligating Defendant to raise appropriate objections.

In particular, Request Number 1 includes:

> Your entire file (cover to cover) pertaining to the subject property located at 825 & 875 NW 13th Street, Boca Raton, Florida 33486 (hereinafter referred to as the "Subject Property"). *The file should include* but is not limited to agreements, appraisals, photographs videotapes, invoices, estimates, contracts, permits, correspondence including emails, letters and facsimile, authored or *received by you*, evaluations, notes, recommendations, reports prepared (*or reviewed*) by you and/or any other representatives or employees of MADSEN, KNEPPERS & ASSOCIATES, INC., from September 10, 2015 to the present. (Emphasis added)

Similarly, Request Number 8 includes:

> Any and all correspondence, including email, facsimile and letter(s) *received* regarding the Subject Property.

Accordingly, Plaintiff's requests contemplate privileged documents belonging to Defendant, that are in the custody of MKA for purposes of review, and/or use in their investigation. Plaintiff's requests necessarily would include documents and correspondence authored by Defendant and/or Defendant's counsel, and subject to

work product, attorney client privilege, and/or is part of Defendant's claim file. To the extent such information is contained in MKA's file, Plaintiff is not entitled to discovery of otherwise privileged information. Moreover, Defendant risks waiving its privilege objections as to its own records, if it fails to object. *See Universal City Development Partners, Ltd. V. Ride & Show Engineering, Inc.,* 230 F.R.D. 688 (M.D.Fla. Sept. 23, 2005) citing to *Ray v. Cutter Labs., Div. of Miles, Inc*., 746 F.Supp. 86 (M.D.Fla. 1990) (delineating factors to determine whether a party has waived privilege objections to discovery, including whether the party previously asserted specific objections prior to producing the documents).

In the instant case, Defendant filed its Motion for Protective Order and Objections to the Subpoena Duces Tecum, to preserve its privilege objections with respect to documents and correspondence shared with MKA. To the extent Plaintiff's overbroad document requests to MKA encompass Defendant's records, Plaintiff is not entitled to vitiate Defendant's privilege objections by obtaining records confidentially shared with MKA. Therefore, Defendant requests the Court grant Defendant's Motion for Protective Order, precluding Plaintiff from seeking such discovery.

**Plaintiff Did Not Respond to Defendant's Conferral Efforts at the Time of Filing**

Taken at face value, Plaintiff has apparently, in good faith, confused Defendant's various conferral efforts regarding this matter. On May 20, 2018, counsel for Defendant reached out to Plaintiff's counsel by telephone to confer, and then followed up with an email at 6:29 P.M., to request an extension to respond to the Subpoena Duces Tecum to MKA, which would allow for additional opportunity for conferral. Accordingly, when Plaintiff did not respond, Defendant was left with no choice but to file its Motion for Protective Order, without having a substantive conferral in advance. Notwithstanding,

Defendant seeks to continue to confer as necessary with Plaintiff to amicably resolve any and all issues concerning discovery.

WHEREFORE, Defendant, ROCKHILL INSURANCE COMPANY, hereby requests this Court to grant its Motion for Protective Order and sustain its Objections to the document requests for the Subpoena Duces Tecum to Madsen, Kneppers & Associates, Inc., and any and all further relief it deems appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on **June 11, 2019**, I certify that the foregoing document is being served this day to: William F. Merlin, Jr., wmerlin@merlinlawgroup.com, Eriselda Kuhn, Esq., ikuhn@merlinlawgroup.com, Shane S. Smith, Esq., ssmith@merlinlawgroup.com, rbradley@merlinlawgroup.com, and wbekhor@merlinlawgroup.com, Merlin Law Group, 777 S. Harbour Island Boulevard, Suite 950, Tampa, Florida 33602.

Respectfully submitted,

/s/ Alexander M. Goerss_____

LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
lauren@levylawgroup.com
ALEANDER M. GOERSS, ESQ.
Florida Bar No.: 0044006
alex@levylawgroup.com
LEVY LAW GROUP
3399 Ponce de Leon Blvd., Suite 202,
Coral Gables, Florida 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
*Attorneys for Defendant*