UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No.: 9-19-CV-80111-BLOOM/Reinhart

CENTRE HILL COURTS
CONDOMINIUM ASSOCIATION, INC.

    Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff CENTRE HILL COURTS CONDOMINIUM ASSOCIATION, INC., by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26 and 37, this Court's Amended Scheduling Order dated October 22, 2019 [D.E. 58], and Local Rule 7.1, files its Motion *in Limine,* and in support thereof states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. This action arises from Plaintiff's first-party property insurance claim for the physical damages suffered to its property due to wind as a result of Hurricane Irma, and a breach of contract action filed by Plaintiff on or about October 17, 2018, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. [D.E 10].

2. On February 1, 2019, Defendant filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint alleging eight (8) affirmative defenses. [D.E. 11 at 15-21].

3. On February 20, 2019, the Court entered an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge ("Scheduling

1

Order"), setting the matter for two-week trial beginning on February 18, 2020 and setting commensurate deadlines. [D.E. 17.].

4. The Court's Scheduling Order set forth a deadline of October 22, 2019 to complete all discovery (including expert discovery). [D.E. 17.]

5. On September 24, 2019, Defendant served its Expert Witness Disclosures and disclosed three (3) testifying experts: Arthur Ashworth, P.E., Andre Slintak, P.E. and Andrew Young.[1]

6. Defendant's Expert Witness Disclosures provide that Defendant intends to call two possible experts for causation testimony: Arthur Ashworth, P.E., and Andre Slintak, P.E.

7. Defendant's Expert Witness Disclosures disclose that Mr. Ashworth and Mr. Slintak intend to testify at trial regarding the opinions set forth in the Madsen & Kneppers & Associates, Inc. written report dated January 9, 2018 (the "2018 Report"):

> 1. **Ashworth, Arthur, P.E.**
> **Madsen, Kneppers & Associates, Inc.**
> **5600 Greenwood Plaza Blvd., Suite 300**
> **Foxborough, Massachusetts, 02035**
> Mr. Arthur Ashworth is a licensed engineer in the State of Colorado and was retained by Rockhill to inspect the subject property. Mr. Ashworth's qualifications and case list are set forth in his Curriculum Vitae which will furnished hereafter. *Madsen, Kneppers & Associates, Inc.'s ("MKA") report is attached hereto as **Exhibit "1."*** MKA's Fee Schedule is attached hereto as ***Exhibit "2"***. Mr. Ashworth reviewed the documents of record, available weather data, historical aerial images, and conducted an inspection of the Insured Property on November 14 and December 8, 2017.
>
> 2. **Slintak, Andre, P.E.**
> **Madsen, Kneppers & Associates, Inc.**
> **5600 Greenwood Plaza Blvd., Suite 300**
> **Foxborough, Massachusetts, 02035**
> Mr. Slintak is licensed engineer in the State of Florida who reviewed the findings in this matter, performed a re-inspection of the subject property and approved the MKA report. *MKA's report is attached hereto as **Exhibit "1."*** MKA's Fee Schedule is attached hereto as ***Exhibit "2"***. Mr. Slintak reviewed the

---

[1] A copy is being filed contemporaneously with this motion.

documents of record, available weather data, historical aerial images, and conducted a re-inspection of the Insured Property on August 2, 2019. *Mr. Slintak's Curriculum Vitae is attached hereto as* **Exhibit "3."**

3. **Peters, Andrew, Regional Consultant**
**Young & Associates**
**3947 W. Lincoln Hwy, Suite #200**
**Downingtown, PA 19335**
Mr. Peters specializes in, among other things, estimation of damages from hurricanes. Mr. Peters' qualifications are set forth in his Currriculum Vitae. Mr. Peters' Curriculum Vitae, along with fee schedule will be furnished hereafter. *Mr. Peters' Estimate is attached hereto as* **Exhibit "4."** Mr. Andrews inspected the property on November 13, 2017 to assess the alleged damages, condition, and repair options at the subject property.

A copy of the 2018 Report is attached to Defendant's Expert Witness Disclosures.

8. On October 8, 2019, Defendant served its Rebuttal Expert Disclosures, listing experts Andrew Slintak, P.E. and Andrew Peters.[2]

9. Defendant's Rebuttal Expert Disclosures disclose, as to Mr. Slintak, a written rebuttal report dated October 7, 2019 (the "2019 Report"). A copy of the 2019 Report is attached to Defendant's Rebuttal Expert Disclosures.

10. Defendant's Rebuttal Expert Disclosures disclose, as to Mr. Peters, a written rebuttal report dated October 7, 2019. A copy is attached to Defendant's Rebuttal Expert Disclosures.

11. On October 22, 2019, the Court entered an Order Amending Scheduling Order, ECF No. [17], and Certain Pre-Trial Deadlines. [D.E. 58] ("Amended Scheduling Order") and ordered the following deadlines:

| | |
|---|---|
| **November 27, 2019** | All discovery, including expert discovery, is completed. |
| **December 9, 2019** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all dispositive motions.** Each party is limited to filing one motion *in limine* and one |

---

[2] A copy is being filed contemporaneously with this motion.

|  |  |
|---|---|
|  | Daubert motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.** |
| **February 3, 2020** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

12.     On November 27, 2019, the Court entered an Order that all discovery, including expert discovery, must be completed by December 6, 2019. [D.E. 61].

13.     On November 7, 2019, Plaintiff took the deposition of Mr. Ashworth regarding his opinions in the 2018 Report.

14.     On December 6, 2019, Plaintiff took the deposition of Mr. Slintak regarding his opinions in both the 2018 Report and 2019 Report.

15.     This matter is set for trial during the Court's two-week trial calendar beginning on February 18, 2020. [D.E. 17.]

## MEMORANDUM OF LAW

**I.     Motion In Limine No. 1: To Preclude Andre Slintak, P.E. From Offering Opinions On Matters Not Identified In His Expert Reports Or Deposition Testimony.**

Plaintiff requests entry of an order precluding Defendant's expert, Andre Slintak, P.E., from offering at trial any opinions on matters not identified or disclosed in his two expert reports, pursuant to Federal Rule 37, or in his deposition testimony. Mr. Slintak testified during his deposition on December 6, 2019, that he did not know if he had formulated all of his opinions

4

that he intends to testify to at the time of trial. See Deposition of Andre Slintak ("Slintak Dep") dated December 6, 2019, at 97:20-99:3.[3]

### A. Experts may not testify as to opinions not disclosed in their expert reports.

The Federal Rules require that expert reports disclose all of the expert's opinions to be offered at trial, and bar opinions not so disclosed. Rule 26(a)(2), which governs the disclosure of expert testimony, requires that an expert report must "contain a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B) (emphases added). Rule 37, in turn, provides that "information not so disclosed" is not "permitted ... as evidence at trial." Fed. R. Civ. P. 37(c)(l). These two rules combine "to preclude [an expert] from offering opinions not contained in his report." *Paradigm Sales Inc. v. Weber Marking Sys. Inc.*, 880 F. Supp. 1247, 1252 (N.D. Ind. 1995). An expert report "is intended to set forth the substance of the direct examination." *8 Charles Alan Wright, et al., Federal Practice and Procedure § 2031.1*, at 441 (1994 & Supp. 2005) (quoting Fed. R. Civ. P.26, 1993 Advisory Committee Notes). "The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'" *Reedy. Binder*, 165 F.R.D. 424,429 (D.N.J. 1996) (*quoting Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)); *see also Dunkin 'Donuts Inc. v. N.A.S.T., Inc.,* 2005 U.S. Dist. LEXIS 16703, at *3-4 (N.D. 111. 2005) (Decl. of Brian M. English, Ex. FF) ("[T]he express purpose of [Rule 26's requirement of expert reports] was to pin each expert witness to a defined position known to the adversary in advance of trial."); *Minebea Co. v. Papst*, 231 F.R.D. 3 (D.D.C. 2005) ("The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions

---

[3] A copy is being filed contemporaneously with this motion.

and cross-examination at trial."). By "'locking' the expert into" his opinions, and their basis, "the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and how to prepare for cross examination and rebuttal." *Coles v. Perry*, 217 F.R.D. 1,4 (D.D.C. 2003). Accordingly, "a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Fed. R. Civ. P. 26, 1993 Advisory Committee Notes. "Rule 37(c)(l) provides for au*tomatic exclusion of information that should have been revealed but was not."* 8 Wright, supra, § 2031.1, at 441. This measure "was intended to put teeth into the ... disclosure requirements added by the 1993 amendments." *8A Wright, supra*, § 2289.1, at 704. Courts have regularly held that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless*." Salgado ex rel Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (quoting Finley & Marathon Oil Co., 75 F.3d 1225,1230 (7th Cir. 1996)); *see also Benedetti v. Soo Line R.R. Co*., 2004 U.S. Dist. LEXIS 24642, at *11 (N.D. Ill. 2004) (Decl. of Brian M. English, Ex. GG). A court need not find that the party acted in "bad faith or callous disregard of the discovery rules" to impose the sanction. *Southern States Rack & Fixture, Inc. v. Sherwin- Williams Co*., 318 F.3d 592, 596 (4th Cir. 2003). Rather, "exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)." *Samos Imex Corp. v. Nextel Commc Ins, Inc*., 194 F.3d 301, 305 (1st Cir. 1999).

  **B.  Mr. Slintak should be precluded from offering at trial specific opinions that are not contained in his two expert reports or his deposition testimony.**

In his deposition in this matter on December 6, 2019, Mr. Slintak testified that he would be providing expert opinions at trial in this matter, including those as a rebuttal expert. Slintak

Dep., 57:17-59:3.  Mr. Slintak also testified that he had not reviewed any of Plaintiff's experts' rebuttal reports in this case:

> Q. Have you reviewed any rebuttal reports prepared by any of plaintiff's experts in this matter?
>
> A. No, I have not.

Slintak Dep. at 64:6-8.

Further, Mr. Slintak testified that he had not formulated any opinions in response to Plaintiff's experts' rebuttal reports, and was not asked to do so by Defendant's counsel:

> Q. Okay. At the trial of this matter, will you be testifying as to any opinions other than those contained in the January 9th of 2018 report and your October 7th of 23 2019 report?
>
> A. You mentioned to me before that there are expert rebuttal reports which I have not had the opportunity yet, so I would reserve the right to append to my opinion based on review of those documents.
>
> MS. SMITH: Move to strike that answer as nonresponsive.
>
> BY MS. SMITH:
> Q. I'm asking you will you -- are you planning to testify as to any opinions other than those contained in your January 9th of 2018 report and the October 2019 report?
> MR. GOERSS: Objection; calls for speculation without additional information.
>
> THE WITNESS: I don't know what the additional information is that's out there.
>
> BY MS. SMITH:
> Q. Have you been asked to provide any other opinions -- to date, have you been asked to provide any other opinions other than those contained in the January 9th MKA report and the October 2019 report that you prepared?

>A. As of yet, I have not, but if I have the opportunity to review additional information as stated in the report, I would reserve the right to append my opinion.
>
>Q. As of today's date, is it fair to say that you have not prepared any additional report for this matter other than the January 9th of to 2018 report and the October 2019 report?
>
>A. That's correct.

Slintak Dep. at 97:20-99:3.

Because it is possible that Mr. Slintak did not address all of his engineering opinions in his expert reports, Plaintiff does not know whether he has any additional opinions, nor does Plaintiff know the basis of any such opinions he does have. He had not formulated any additional opinions at the time of his deposition in this case. The discovery end date has elapsed and Mr. Slintak did not prepare any additional report before the discovery end date expired. Accordingly, Plaintiff would be prejudiced if Mr. Slintak were to offer such opinions for the first time at trial.

Furthermore, if Mr. Slintak were to offer testimony on opinions not disclosed in his reports, the failure to disclose those opinions would be neither justified nor harmless pursuant to Federal Rule of Civil Procedure 37. Plaintiff relied on Mr. Slintak's expert reports in preparing for his deposition. Plaintiff should not be required to speculate as to other opinions Mr. Slintak might offer that were not disclosed. Plaintiff is not required "to hunt for discovery." Moreover, to the extent that Mr. Slintak has additional opinions not yet disclosed, Plaintiff is prejudiced by not having received a report stating the basis of those opinions. "The omission in most reports of the basis and reasons for the opinions is hardly harmless. Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." *Reed*, 165 F.R.D. at 430. When an expert "address[es] a new matter after discovery has ended, the very

purpose of the rule is nullified." *Coles,* 217 F.R.D. at 4. When presented with situations where an expert has failed to timely disclose opinions, courts regularly limit the expert's testimony to his report. *E.g., Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 714 (7th Cir. 2004) (upholding exclusion of testimony because basis of conclusion was not disclosed in expert report); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995); *see also Paradigm Sales*, 880 F. Supp. at 1252 (Rule 26 and 37 combine "to preclude [an expert] from offering opinions not contained in his report."). Mr. Slintak should accordingly be precluded from offering opinions not contained in his expert reports.

## II. Motion In Limine No. 2: To Preclude Cumulative And Duplicative Expert Witness Testimony of Arthur Ashworth, P.E. and Andre Slintak, P.E.

### A. Mr. Ashworth and Mr. Slintak's testimony regarding causation of damages at Plaintiff's property is cumulative; One of the experts should be excluded from testifying at trial.

A Court has discretion to exclude relevant evidence if the evidence, or testimony, is cumulative. Specifically, expert testimony is considered cumulative and properly excluded where both experts review the same evidence, and offer the same opinion based on that evidence. *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (proper to exclude multiple physician experts with identical opinions as to mechanism of injury). *See also*, *Laplace-Bayard v. Batlle*, 295 F.3d 157 (1st Cir. 2002) (proper to exclude multiple physician experts with similar opinions); *Robert S. v. Stetson School, Inc.*, 256 F.3d 159 (3d Cir. 2001) (proper to exclude multiple psychological experts with similar opinions); *Cabrera v. Cordis Corp.*, 134 F.3d 1418 (9th Cir. 1998) (proper to exclude multiple pathologist experts with similar opinions).

Mr. Ashworth was retained by Defendant to provide expert opinions in this matter. See Deposition of Arthur Ashworth ("Ashworth Dep") dated November 7, 2019 at 11:24-12:13. Mr

Ashworth testified at his deposition that the opinions contained in the 2018 Report were Mr. Slintak's opinions:

> Q   For purposes of testifying at trial in this case, how will your role differ, say, than Andre Slintak?
>
> A   I'm not sure I understand the question.
>
> Q   Okay.  You are listed as a retained expert for Rockhill in this case, right?
>
> A   To the best of my knowledge.
>
> Q   And Andre Slintak is also listed as a retained expert, correct?
>
> A   To the best of my knowledge.
>
> Q   Okay.  Do you know at this point how -- and I know -- and you have issued the report with Mr. Slintak, January 9th of 2018.  Are all of your opinions that you will be testifying at trial contained within that report or your deposition testimony today?
>
> A   That's correct.
>
> Q   I'm just trying to figure out if there's any other opinions you have with respect to the alleged damages that are not in your report or that have not come through your deposition testimony today.  I want to make sure we get that out.
>
> A   **Andre is the engineer of record on this project.  His opinions are what are in this report.  He and I worked together on those and developed the opinions together, but they are his responsibility and they are his opinions because it is his stamp that was on the report.**
>
> Q   As you sit here today, have you been asked to do any further work in this matter?
>
> A   I have not.

See Ashworth Dep. at 99:13- 100:18. Emphasis added.

Mr. Slintak similarly testified the opinions in the 2018 Report were his and not Mr. Ashworth's:

> Q. Okay. For purposes of testifying at trial in this matter, will you be the one offering opinions as to the January 9th, 2018 report or Arthur Ashworth?
>
> A. I will.
>
> Q. Do you know what Mr. Ashworth's role will be as far as testifying regarding opinions in the January 9th of 2018 report?
>
> A. I don't. It's my understanding that I'll be offering the opinions.

See Slintak Dep. at 60:10-18.

Here, Defendant identified two experts to cover the same issue: causation of damages at Plaintiff's property. Their expert opinions, however, overlap. Pursuant to Federal Evidence Rule 403, this Court can exclude evidence if it is duplicative or cumulative. Defendant has identified Mr. Ashworth as an expert witness regarding causation of damages at Plaintiff's property. However, many of Mr. Ashworth's opinions cover the same issues that Defendant's other causation expert (Andre Slintak) covers. For example, both offer opinions on whether and to what extent there is damages resulting from Hurricane Irma at the Plaintiff's property. Permitting both Mr. Ashworth and Mr. Slintak to testify about these issues would be duplicative and cumulative. Therefore, to the extent this Court permits Mr. Ashworth to offer any expert opinions on Plaintiff's property, it should at least enter an order precluding him from offering any opinions on issues that Mr. Slintak also covers.

In this case, Mr. Ashworth and Mr. Slintak reviewed the same evidence (inspected the property, photographs, and estimates). These two experts intend to testify to the same opinion as discussed above in the 2018 Report. Accordingly, it would be needlessly cumulative, a waste of time and would prolong the trial if the Defendant is permitted to call both experts to testify regarding the 2018 Report. Under these principles, this Court should exercise its discretion to limit the Defendant to one expert witness as to the 2018 Report. Doing so will shorten the trial and avoid presenting unnecessarily duplicative, cumulative evidence to the jury.

Defendant's attempt to present Mr. Ashworth as an expert witness relating to causation of damages to Plaintiff's property contradicts the clear language and spirit of Federal Evidence Rule 403. Allowing both Mr. Ashworth and Mr. Slintak to testify on the same issues at the Plaintiff's property will result in wasted time and cumulative evidence. Mr. Ashworth is nothing more than a duplicative expert to bolster the opinions of Mr. Slintak. Mr. Ashworth's testimony will also cover the same subject matter as Mr. Slintak and will result in a waste of time and presentation of cumulative evidence. For these reasons, Plaintiff respectfully requests that this Court preclude Mr. Ashworth from offering any expert opinions or testimony as to causation of damages at Plaintiff's property. In the alternative, Plaintiff requests that this Court enter an order requiring Defendant to select either Mr. Ashworth or Mr. Slintak to testify as an expert regarding causation of damages at Plaintiff's property.

**III.    Motion In Limine No. 3: To Preclude Andrew Peters From Offering Opinions On Matters Not Identified In His Expert Reports Or Deposition Testimony.**

Plaintiff requests entry of an order precluding Defendant's expert, Andrew Peters, from offering at trial any opinions on matters not identified or disclosed in his two expert reports, pursuant to Federal Rule 37, or in his deposition testimony.

### A. Mr. Peters should be precluded from offering at trial specific opinions that are not contained in his two expert reports or his deposition testimony.

In his deposition in this matter on December 4, 2019, Mr. Peters testified that he would be providing expert opinions at trial in this matter, including those as a rebuttal expert. See Deposition of Andrew Peters ("Peters Dep") at 52:18-21.  Mr. Peters also testified that he had not reviewed any of Plaintiff's experts' rebuttal reports in this case. *Id.* at 17:25:18:17; 18:22-19:13.

Mr. Peters testified that he has not been asked to render any opinions outside of those contained in his expert report or rebuttal report. *Id.* at 104:15-20. Mr. Peters also testified that he reviewed an estimate prepared by Plaintiff's expert, Richard Roth of Southern Restoration Services that he received on April 23, 2019. *Id.* at 19:14-22. Mr. Peters admitted he has not formulated any opinions that are not contained in either his February 28, 2018 expert report or his October 7, 2019 rebuttal report and has not been asked to do so. *Id*. at 104:15-24. He testified that the opinions that are contained in February 28, 2018 expert report or his October 7, 2019 rebuttal report are the only opinions he will be offering at trial. *Id.* at 105:6-10. Mr. Peters testified that he inspected Plaintiff's property on April 23, 2019 and viewed the interiors of the condominium units, but he did not update his February 28, 2018 report to reflect any additional information or opinions. *Id*. at 118:14-23. Therefore, based on his deposition testimony, Mr. Peters should be precluded from testifying as to any such opinions at trial.

Because it is possible that Mr. Peters did not address all of his opinions in his expert reports, Plaintiff does not know whether he has any additional opinions, nor does Plaintiff know the basis of any such opinions he does have. The discovery end date has elapsed and Mr. Peters

13

did not prepare any additional reports before the discovery end date expired. Accordingly, Plaintiff would be prejudiced if Mr. Peters were to offer such opinions for the first time at trial.

Furthermore, if Mr. Peters were to offer testimony on opinions not disclosed in his reports, the failure to disclose those opinions would be neither justified nor harmless pursuant to Federal Rule of Civil Procedure 37. Plaintiff relied on Mr. Peters' expert reports in preparing for his deposition. Plaintiff should not be required to speculate as to other opinions Mr. Peters might offer that were not disclosed. Plaintiff is not required "to hunt for discovery." Moreover, to the extent that Mr. Peters has additional opinions not yet disclosed, Plaintiff is prejudiced by not having received a report stating the basis of those opinions. "The omission in most reports of the basis and reasons for the opinions is hardly harmless. Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." *Reed*, 165 F.R.D. at 430. When an expert "address[es] a new matter after discovery has ended, the very purpose of the rule is nullified." *Coles,* 217 F.R.D. at 4. When presented with situations where an expert has failed to timely disclose opinions, courts regularly limit the expert's testimony to his report. *E.g., Hoffman v. Caterpillar, Inc*., 368 F.3d 709, 714 (7th Cir. 2004) (upholding exclusion of testimony because basis of conclusion was not disclosed in expert report); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995); *see also Paradigm Sales*, 880 F. Supp. at 1252 (Rule 26 and 37 combine "to preclude [an expert] from offering opinions not contained in his report."). Mr. Peters should accordingly be precluded from offering opinions not contained in his expert reports.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff, Centre Hill Courts Condominium Association, Inc. respectfully requests that this Honorable Court:

1. Grant Plaintiff's Motion *in Limine* and enter an Order precluding Andre Slintak, P.E. from offering any opinions at trial that are not identified or disclosed in his expert reports or his deposition testimony;

2. Grant Plaintiff's Motion *in Limine* and enter an Order precluding cumulative and duplicative expert witness testimony of Arthur Ashworth, P.E. and Andre Slintak, P.E.;

3. Grant Plaintiff's Motion in Limine and enter an Order precluding Andrew Peters from offering any opinions at trial that are not identified or disclosed in his expert reports or his deposition testimony; and

4. Grant any and all further relief this Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned counsel for the Plaintiff conferred with Defendant's counsel in a good faith effort to resolve the issues raised in this motion, but was unable to do so.

Dated this 9th day of December 2019.

MERLIN LAW GROUP, P.A.

*/s/ Shane S. Smith*
**WILLIAM F. MERLIN, JR., ESQUIRE**
Florida Bar Number: 364721
**ERISELDA KUHN, ESQUIRE**
Florida Bar Number: 1003031
**SHANE S. SMITH, ESQUIRE**
Florida Bar Number: 53130
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone: (813) 229-1000
Fax: (813) 229-3692
Attorneys for Plaintiff
wmerlin@merlinlawgroup.com
ikuhn@merlinlawgroup.com

ssmith@merlinlawgroup.com  
rbradley@merlinlawgroup.cm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below by notice of electronic filing generated by CM/ECF.

By: */s/ Shane S. Smith*

## SERVICE LIST

Lauren D. Levy, Esq.  
Alexander Goerss, Esq.  
LEVY LAW GROUP  
3399 Ponce de Leon Blvd., Suite 202  
Coral Cables, Florida 33134  
lauren@levylawgroup.com  
alex@levylawgroup.com  
lourdes@levylawgroup.com  
jocelyn@levylawgroup.com  
nikki@levylawgroup.com  

Scott M. Rosso, Esq.  
David R. Shaheen, Esq.  
GED Lawyers, LLP  
171 North Federal Highway  
Boca Raton, Florida 33487  
pdlitlaw@gedlawyers.com  
dshaheen@gedlawyers.com