UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No.: 9-19-CV-80111-BLOOM/Reinhart

CENTRE HILL COURTS
CONDOMINIUM ASSOCIATION, INC.

    Plaintiff,
vs.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, CENTRE HILL COURTS CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 56 and S.D. Fla. L.R. 56.1, files this Reply to Defendant, ROCKHILL INSURANCE COMPANY's ("Defendant") Response in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Response") (D.E. 105):[1][2]

**I.  Plaintiff has Successfully Demonstrated the Requisite Elements of a Breach of Contract**

Plaintiff seeks partial summary judgment on its breach of contract claim and asks this Court to find that Defendant breached the insurance policy for failure to pay policy benefits and conduct

---

[1] Defendant argues that Plaintiff's Motion for Partial Summary Judgment should be stricken because Plaintiff filed its Motion on December 12, 2019 at 00:03 AM EST. Plaintiff experienced technical issues that delayed the filing by three minutes. Rule 6(b)(1)(B) provides that… the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The factors to be considered in excusable neglect are the length of the delay and the danger of prejudice to the non-movant. Plaintiff acted expeditiously and in goof faith to get the papers submitted and Defendant has not been prejudiced. Accordingly, Plaintiff's Motion should not be stricken.

[2] Plaintiff notes that Defendant failed to file a separate and contemporaneously statement of material facts pursuant to Local Rule 56.1. When an opposition party fails to file a statement of material facts, all material facts in the movant's statement are "deemed admitted…provided that the court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1 (b).

1

an adequate investigation of Plaintiff's loss. "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Abbott Labs, Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). There is no dispute as to the existence of a valid contract; rather the issues presented involve whether there was a material breach and damages.

Plaintiff's property suffered damages as a result of Hurricane Irma on September 10, 2017. On April 23, 2018, Defendant denied Plaintiff's claim in its entirety. *See Exhibit N of Plaintiff's Motion for Partial Summary Judgment.* [D.E. 78-14]. Defendant claimed the policy did not provide coverage for the buildings' roofs or mansards because the buildings allegedly did not sustain direct physical wind damage and thus there was no covered cause of loss. *Id.*; *See also Sherri King's Dec. at 6, ¶ 17*. [D.E. 100-1]. Defendant further alleged that a portion of Plaintiff's claim fell below the policy's deductible. *See Sherri King's Dec. at. 5, ¶ 15;* [D.E. 78-14]. However, as a result of Defendant's field adjuster's inspection on October 13, 2017 and recommendation, Defendant set the reserves in this claim, which were higher than the deductible. [D.E. 109-1 at 32:2-10; 33:20-24; 34:19-21; 35:9; 44:21-24; and 45:7-13; D.E. 109-2 at 20-36, 55-56,59, and 63]. Plaintiff asserts Defendant breached the policy by refusing to pay the undisputed amounts established by its field adjuster owed under the policy.

Defendant further claims that Plaintiff is not entitled to coverage because it breached the policy's post-loss cooperation provision by failing to provide access to the interior condominium units. *See Sherri King's Dec. at 6, ¶ 16*. Defendant's allegation is meritless because Defendant refused to re-inspect Plaintiff's property before Defendant denied the claim on April 23, 2018. *See Plaintiff's SOF at 4, ¶¶ 16, 18 and 19* [D.E. 78]. Accordingly, Plaintiff is entitled to entry of partial summary judgment in its favor on Count I of its First Amended Complaint because Plaintiff has

shown a valid contract exists and Defendant materially breached the insurance policy by failing to pay the undisputed amounts.

### A. Defendant is not Excluded from the Requirements of Chapter 627, Florida Statutes Because Surplus Lines Law, Section 626.913(4) Provides an Exception for a Surplus Lines Carrier such as Defendant.

Defendant argues that the Court should not incorporate statutes into the insurance contract to determine whether Defendant breached the policy because a surplus lines carrier is not subject to Florida Statutes Chapter 627. [D.E. 105 at 10]. Yet, Section 626.913(4), Surplus Lines Law provides:

> Except as may be specifically stated to apply to surplus lines insurers, the provisions of chapter 627 do not apply to surplus lines insurance authorized under ss. 626.913-626.937, the Surplus Lines Law.

Section 627.7013(4) provides, "For purposes of this section, the term 'insurer' means any residential property insurer." Therefore, the statute applies to both domestic and surplus insurance carriers and it fits into the exception outlined in Section 626.913(4). Defendant further argues that Plaintiff's First Amended Complaint does not have a separate count regarding violation of Section 626.9541. [D.E. 105 at 10]. Defendant's argument fails because Florida is a notice-pleading state and Plaintiff does not have to allege every action that was breached.

### B. Bad Faith Related Statutes

Defendant suggests that Plaintiff is improperly attempting to assert a bad faith claim as the basis for the breach of contract when Plaintiff has not asserted a claim under Section 624.155. [D.E. 105 at 12]. Defendant ignores that the facts regarding the parties' actions post-loss are essential in evaluating the breach of contract. Showing Defendant's failure to properly adjust the loss and refusing to pay even the undisputed amounts when Defendant knew or should have known that Plaintiff's claim exceeded the policy's deductible is a part of the case to be tried.

3

## II. Summary Judgment Is Appropriate as to Defendant's Affirmative Defenses

Defendant argues that partial summary judgment in Plaintiff's favor with respect to Defendant's Affirmative Defenses is not appropriate because Plaintiff did not file a Motion to Strike or Dismiss Defendant's Affirmative Defenses as required by Rule 12(f). [D.E. 105 at 13]. Defendant's argument fails because a partial summary judgment under Rule 56(d) is often used by courts to dispose of affirmative defenses, when appropriate, in order to narrow the issues to be decided at trial. *See e.g., Helver v. Novo Industries, Inc.*, 1998 WL 988198 (S.D. Fla. Nov. 16, 1998); *see also International Ship Repair and Marine Services, Inc. v. St. Paul Fire and Marine Insurance Company, et. al*, 944 F. Supp. 886, 891 (M.D. Fla. 1996) ("[P]artial summary judgment may be used by the Court to dispose of affirmative defenses. The effect being that if the moving party sustains its burden, then the affirmative defenses will be struck by the Court"); *Federal Savs. & Loan Ins. Corp. v. Shelton*, 789 F.Supp. 1367, 1369 (M.D. La. 1992).

Defendant's First Affirmative Defense alleges that coverage was denied because Plaintiff breached its duty to allow Defendant to re-inspect the damage to the interior condominium units. [D.E. 105 at 14]. Defendant however, does not allege it suffered any prejudice. Under Florida law, it is the insurance carrier's burden to both plead and prove prejudice from alleged failure of policy conditions as an affirmative defense. *State Farm Mut. Auto. Ins. Co. v. Curran,* 135 So.3d 1071 (Fla. 2014). Defendant cannot prove prejudice because it investigated the claim and reached a decision to deny Plaintiff's loss on entirely separate grounds. This precludes a claim of prejudice as a matter of law.

With respect to the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses, Defendant alleges that the loss is not covered because all or part of Plaintiff's damage is excluded and/or limited by various policy exclusions, including the faulty, inadequate or

defective maintenance exclusion, and the wear and tear exclusion. [D.E. 77 at 13]. Defendant further alleges that Plaintiff's loss is not covered because it commenced prior to the effective date of the policy. *Id*. Notwithstanding that Defendant has failed to meet its burden in establishing that any matter fell within the exclusionary/limitation provisions of the policy, under Florida law, these defenses must be limited to any provable wear and tear or faulty repairs that existed only from the inception date of the policy through the date of loss.

As further explained below, Plaintiff is entitled to the entry of partial summary judgment on Defendant's Affirmative Defenses.

### A. First Affirmative Defense – Violation of Policy's Duties of Named Insured

Defendant's argument in its Response to the First Affirmative Defense is both legally and factually wrong. Defendant's First Affirmative Defense alleges that Plaintiff violated the Policy's Duties of the Named Insured in the Event of Loss or Damage. The Florida Supreme Court has previously addressed this specific issue involving a lack of cooperation clause and expressly held:

> In a breach of cooperation clause case however, <u>the insurer must show a material failure to cooperate which substantially prejudiced the insurer</u>.

*Bankers Insurance Co. v. Macias* 475 So.2d 1216, 1217 (1985). (Emphasis added). In *Curran*, the Florida Supreme Court held with respect to a post loss condition in a first-party UM policy:

> [N]either the failure to timely report a claim nor the breach of the duty to cooperate gives rise to the automatic forfeiture of insurance benefits <u>absent prejudice to the insurer.</u>

*Id*. at 1075. (Emphasis supplied).

Defendant cannot plead or prove prejudice as a matter of law. Under Florida law, an insurer may not assert prejudice in conjunction with alleged failure of a condition if the carrier possessed enough information to otherwise deny the claim on other grounds. *Keenan Hopkins Schmidt and*

5

*Stonewell Contract Contractors Inc. v. Continental Cas. Co.*, 653 Fed. Supp 2d 1255 (M.D. Fla. 2009). In *Keenan*, the court held:[3]

> Under Florida law, an insured's failure to comply with a mandatory contractual provision requiring it to provide written notice to the insurer of a claim "as soon as practicable" may negate an insurer's coverage obligation, <u>but only if the insurer is actually prejudiced by the late notice.</u> … [Citation Omitted] Further, an insurer is ordinarily presumed to be prejudiced if the insured provides late notice of a claim … .[Citation Omitted] The insured, however, can rebut that presumption by introducing evidence tending to show that the insurer was in fact not prejudiced by the late notice of the claim. … .[Citation Omitted] Florida courts have uniformly held that <u>where an insured [sic] possesses enough information to permit it to deny the claim on other grounds (and it actually did deny the claim on other grounds), it waives its right to object to coverage on the basis that the insured failed to provide timely notice of the claim</u>. … [Citations Omitted] …
>
> <u>[T]he record reflects that Continental denied coverage some ten months after receiving notice of the claim premised not upon the late notice or any resulting detrimental effect on its ability to investigate the claim, but upon Continental's interpretation and application of the terms of the contract itself.</u> … The fact that Continental was able to investigate the claim sufficiently to permit it to deny the claim on other grounds effectively rebuts any presumption of prejudice arising from the late notice.

*Id.* at 1262. (Emphasis added).

Like in *Keenan*, Defendant denied Plaintiff's claim on other separate grounds unrelated to the alleged failure to cooperate. Defendant's denial was based on its finding that Plaintiff's property did not sustain direct physical wind damage from Hurricane Irma and that a portion of Plaintiff's claim fell below the policy's deductible. In its April 23, 2018 denial letter Defendant stated:

> MKA [Defendant's engineer] concluded that the roofs of the subject buildings were not compromised or damaged due to winds from the hurricane. Furthermore, they concluded that the observed poor condition of the roofs (i.e. blisters, deterioration and poor drainage) are the result of deferred maintenance and the age of the roofing system…Based on the findings, there is no coverage for this portion of your claim.

---

[3] Defendant may argue that *Keenan* does not apply because the present case does not involve "late notice". Here, like in *Keenan*, the issue involves a post-loss policy condition where the Defendant denied the claim on grounds other than the alleged failure of a condition i.e. to re-inspect. Under the *Keenan* reasoning, partial summary judgment is appropriate for Plaintiff as to the First Affirmative Defense.

> It is noted that MKA did confirm that balcony roofs, aluminum siding at the mansard and laps at the tops of the parapet walls were damaged by and/or exacerbated by winds from Hurricane Irma. The Company has confirmed coverage for these items and Young & Associates, Inc. ("Y&A") prepared the attached repair estimate for same. The estimate includes a total replacement cost of $85,004.83. Please be advised that the policy includes 3% Named Storm Calendar Year Deductible. At this time, the covered portion of the claim falls below the $270,498.66 deductible.

See [D.E. 78-14, Exhibit N].

The fact that Defendant was able to complete its investigation and reach a decision to fully deny the claim (on grounds of coverage and below the deductible) means that other potential issues did not prejudice or impair the Defendant's ability to evaluate the claim and deny it. Thus, Defendant's argument fails legally.

The argument fails factually as well. Defendant claims it was unable to proceed with a re-inspection of Plaintiff's property to confirm the claim damages as a result of Plaintiff's alleged failure to cooperate. This is inaccurate. Plaintiff provided access to the property to Defendant's consultants on October 13, 2017, November 13, 2017, November 14, 2017, and December 8, 2017. *See Plaintiff's SOF ¶¶ 6, 8, and 9.* Before Defendant denied Plaintiff's claim, Plaintiff again contacted Defendant on March 13, 2018, March 23, 2018, April 6, 2018, and April 18, 2018 regarding the re-inspection of the interior damage, receiving no timely reply. *Id.* at *¶¶16, 18, and 19.* Defendant refused to re-inspect Plaintiff's property until Plaintiff provided expert reports despite Plaintiff's public adjuster submitting his repair estimate to Defendant. Defendant forced Plaintiff to expend costs to retain experts to determine the costs of reasonable and necessary repairs to Plaintiff's property. Plaintiff provided Defendant with the requested documentation and again on December 11, 2018, encouraged Defendant to re-inspect Plaintiff's property. *See Plaintiff's SOF ¶ 32.* Nearly three months later, on March 8, 2019, Defendant responded to Plaintiff's

December 11, 2018 letter and informed Plaintiff of its intention to proceed with a joint re-inspection, which took place on April 23, 2019. [D.E. 95-5].

Accordingly, Plaintiff is entitled to partial summary judgment in its favor as to the First Affirmative Defense, which asserts that Plaintiff breached the post-loss obligation to cooperate with Defendant.

### B. Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth, Affirmative Defenses – Exclusion/ Limitation

First, Defendant argues that Plaintiff did not meet its burden of proving that the claimed loss was caused by a fortuitous event or that the damages occurred while the policy was in effect, thereby relieving Defendant of its liability of having to prove anything. [D.E. 105 at 16-19]. Contrary to Defendant's assertion, Plaintiff has demonstrated a covered cause of loss under the policy. Defendant issued to Plaintiff an "all risk" property insurance policy, meaning losses caused by any fortuitous peril not specifically excluded under the policy will be covered. Defendant concedes the policy is an "all risk" policy, subject to exclusions. [D.E. 105 at 2].

Plaintiff submitted its claim to Defendant for property damage as a result of Hurricane Irma. Defendant acknowledged, adjusted, and ultimately denied the claim on April 23, 2018. Defendant relied on several inapplicable policy exclusions, including the faulty, inadequate or defective maintenance exclusion, and the wear and tear exclusion. Defendant however ignores that damages resulting from Hurricane Irma, which is a fortuitous natural weather event, are covered risks under the policy and the cause of loss is not specifically excluded. During discovery, Plaintiff provided Defendant with expert reports and deposition testimony evidencing a covered loss while the policy was in full force and effect. In fact, Defendant's own engineering expert, MKA, confirmed that balcony roofs and aluminum siding at the mansard and laps at the tops of the parapet walls were damaged by and/or exacerbated by winds from Hurricane Irma. [D.E. 78-14, Exhibit

N at 2]. MKA also acknowledged damages to the roofs as a result of Hurricane Irma stating, "Open laps at tops of the parapet walls are due to deferred maintenance **exacerbated** by winds from Hurricane Irma…" [D.E. 78-6 at 8].

An insured under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms. *Mejia v. Citizens Prop. Ins. Corp.,* 161 So. 3d 576, 578 (Fla. 2d DCA 2014). Plaintiff has identified a covered cause of loss under the all-risk policy issued by Defendant, and now Defendant bears the burden to prove that the exclusion applies. Defendant has failed to meet this burden.

Second, Defendant's Second, Third, Fifth, and Seventh Affirmative Defenses allege that Plaintiff's Hurricane Irma loss is not covered because some of Plaintiff's claimed damages were the result of "wear and tear" or "faulty, inadequate or defective repairs and maintenance". Defendant cannot conduct post-loss underwriting. Defendant had an opportunity to inspect the insured property before the risk and cannot now disclaim that the loss occurred prior to the policy's inception. *American Ins. Co. of Newark, N.J. v. Robinson*, 120 Fla. 674, 678 (Fla. 1935). In *Florida Farm Bureau Casualty Insurance Company v. Cox*, 967 So. 2d 815 (Fla. 2007), the Florida Supreme Court reaffirmed the principle of law found in *Robinson*, *supra*:

> In Robinson, the plaintiff sued his insurance company for payment on a $3000 fire insurance policy after a fire completely destroyed the insured building. Robinson, 163 So. at 19. The insurer raised numerous defenses as to why it should not be liable for the full amount, including the allegation that either before or after issuance of the policy, the insured dwelling became infected with termites or dry rot. This Court denied this defense, noting that the insurer did not contend fraud or concealment by the insured in respect to the value of the property. Therefore, the insurer could not avoid the amount set forth in the contract by complaining about a condition which existed at the inception of the contract and which it could have ascertained if the insurer had inspected the property.

*Id*. at 820–21 (Fla. 2007) (emphasis added).

9

In the present case, the policy inception date is June 15, 2017. Defendant accepted the condition of the property for the full premium and provided coverage. Defendant cannot now complain about the condition of Plaintiff's property at the time it insured it or attempt to exclude damages claiming a wear and tear or faulty repair defense for things that existed when the property was insured, and coverage was promised. Based on the undisputed facts and the policy inception date, Plaintiff is entitled to a partial summary judgment in its favor as to the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Affirmative Defenses with the Court ordering that such defenses are limited to any loss the Defendant can prove occurred only after the June 15, 2017 policy inception date, up to the September 10, 2017 date of loss.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court enter an Order granting partial summary judgment in Plaintiff's favor as to Count I of Plaintiff's First Amended Complaint and the Affirmative Defenses raised by Defendant numbered 1 through 8.

Respectfully submitted this 3rd day of January 2020.

                      **MERLIN LAW GROUP, P.A.**

                      */s/ Eriselda Kuhn*
                      **WILLIAM F. MERLIN, JR., ESQUIRE**
                      Florida Bar Number: 364721
                      **ERISELDA KUHN, ESQUIRE**
                      Florida Bar Number: 1003031
                      **SHANE S. SMITH, ESQUIRE**
                      Florida Bar Number: 53130
                      MERLIN LAW GROUP, P.A.
                      777 S. Harbour Island Blvd., Suite 950
                      Tampa, Florida 33602
                      Telephone: (813) 229-1000
                      Fax: (813) 229-3692
                      Attorneys for Plaintiff
                      wmerlin@merlinlawgroup.com
                      ikuhn@merlinlawgroup.com
                      ssmith@merlinlawgroup.com