**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-80111-BLOOM/Reinhart**

CENTRE HILL COURTS
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

Defendant.
______________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Centre Hill Courts Condominium Association, Inc.'s ("Plaintiff") Motion to Strike Defendant's Untimely Notice of Filing Memorandum Opinion and Order in Support of Defendant's *Daubert*[1] Motion, ECF No. [113] ("Motion"). The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted.

Plaintiff, a condominium association, brings this action against Defendant Rockhill Insurance Company ("Defendant") for recovery of proceeds and benefits allegedly owed under an insurance policy issued by Defendant due to property damage sustained during Hurricane Irma.

Defendant filed its *Daubert* Motion to Preclude Expert Testimony from Plaintiff's Disclosed Experts, Dennis James, Steven Thomas, Rocco Calaci, and Michael Biller, P.E., or in the Alternative for Motion in Limine, ECF No. [68] ("Defendant's *Daubert* Motion"), on December 9, 2019. On December 23, 2019, Plaintiff submitted its Response in Opposition to

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Defendant's *Daubert* Motion, ECF No. [94]. The deadline for Defendant to file a Reply was December 31, 2019, but Defendant failed to do so.

On January 10, 2020, Defendant submitted a Notice of Filing Memorandum and Opinion in Support of Defendant's *Daubert* Motion to Preclude Expert Testimony from Plaintiff's Disclosed Experts, Dennis James, Steven Thomas, Rocco Calaci, and Michael Biller, P.E., or in the Alternative for Motion in Limine, ECF No. [112] ("Notice"), which attached a March 31, 2019, Memorandum Opinion and Order from the District Court for the Northern District of Texas, ECF No. [112-1]. On the same day, Plaintiff filed the instant Motion seeking to strike Defendant's Notice as untimely and improper.

Pursuant to this Court's Local Rules,

> [a] movant may, within seven (7) days after filing and service of an opposing memorandum of law, file and serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law. *No further or additional memoranda of law shall be filed and served without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing.*

S.D. Fla. L.R. 7.1(c)(1) (emphasis added).

"Turning to the practice of making supplemental filings with this Court, such supplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time [] [the] party filed the original brief to which the subsequent supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.*, No. 10-cv-62298, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011); *see also Barron v. Snyder's-Lance, Inc.*, No. 13-cv-62496, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014) (stating that a notice of supplemental authority "should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time" that party filed its original brief).

The Court finds that, here, Defendant's Notice was untimely and violative of the Local Rules. Defendant did not seek, nor did the Court grant, leave to file any supplemental materials in support of its *Daubert* Motion.[2] Further, it would be improper for the Court to consider material that was previously available to a party, but that they elected not to put forward, in support of a motion. *See Quality of Life, Corp. v. City of Margate*, No. 17-cv-61894, 2019 WL 201350, at *2 (S.D. Fla. Jan. 15, 2019). Moreover, Defendant's argument in response to Plaintiff's Motion that this Court should take judicial notice of the Memorandum Opinion and Order attached to its Notice is meritless, especially where, as is the case here, there is a motion for reconsideration pending on the order in question. A "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). In other words, judicial notice of another court's order is permissible "only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *Id.* "In order for a fact to be judicially noticed under Rule 201(b), [however,] indisputability is a prerequisite." *Id.* Therefore, the Court concludes that Plaintiff's Motion should be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Untimely Notice of Filing Memorandum Opinion and Order in Support of Defendant's *Daubert* Motion, **ECF No. [113]**, is **GRANTED**.

[2] It is worth noting that Defendant has repeatedly disregarded the requirements set forth in the Local Rules during the course of this litigation. *See e.g.*, ECF No. [23] (striking Initial Disclosures); ECF No. [81] (striking Notice of Calendar Call and Trial Conflict and Request for Protection). The Court reminds the parties, yet again, that "[n]either the Federal Rules of Civil Procedure nor the Local Rules are aspirational." *Andreu v. Hewlett-Packard Co.*, No. 15-cv-23270, 2016 WL 1697088, at *4 (S.D. Fla. Apr. 20, 2016) (citing *Travelers Cas. & Sur. Co. of Am. v. E. Beach Dev., LLC*, No. CIV.A.07-0347-WS-B, 2008 WL 3211306, at *13 n.30 (S.D. Ala. Aug. 7, 2008) (stating that "[t]he Federal Rules of Civil Procedure are not aspirational, and may not be casually disregarded by parties at their option.")).

2. Defendant's Notice of Filing Memorandum Opinion and Order in Support of Defendant's *Daubert* Motion, **ECF No. [112]**, is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record