**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-80111-BLOOM/Reinhart**

CENTRE HILL COURTS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

## **OMNIBUS ORDER ON MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Rockhill Insurance Company's ("Defendant") Motion *in Limine* to Exclude Evidence and Testimony Relating to "Reserves," Bad Faith, Conduit Testimony, Other Claims Presented, and Documents not Provided Prior to Suit, ECF No. [69] ("Defendant's Motion *in Limine*"), and Plaintiff Centre Hill Courts Condominium Association, Inc.'s ("Plaintiff") Motion *in Limine*, ECF No. [75] ("Plaintiff's Motion *in Limine*"), (collectively, the "Motions"). The Court has reviewed the Motions, the supporting and opposing submissions, all relevant exhibits, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion *in Limine* is granted in part and denied in part; and Plaintiff's Motion *in Limine* is granted in part and denied in part.

### **I. BACKGROUND**[1]

Defendant's Motion *in Limine* moves to preclude Plaintiff from introducing the following at the upcoming trial:

    (1) Motion *in Limine* 1: Evidence of "reserves."

---

[1] The Court assumes that the parties are familiar with the facts of this case. *See* ECF No. [138].

(2) Motion *in Limine* 2: Evidence that Defendant acted in good faith or bad faith until this coverage action is resolved.

(3) Motion *in Limine* 3: Evidence or testimony of an expert witness as a conduit for the introduction of otherwise inadmissible evidence.

(4) Motion *in Limine* 4: Evidence that differs from the claim previously presented.

(5) Motion *in Limine* 5: Documents not provided prior to suit.

Similarly, Plaintiff's Motion *in Limine* moves to preclude Defendant from introducing the following at the upcoming trial:

(1) Motion *in Limine* 1: Andre Slintak, P.E. ("Mr. Slintak"), from offering opinions on matters not identified in his expert reports or deposition testimony.

(2) Motion *in Limine* 2: Cumulative and duplicative expert witness testimony of Arthur Ashworth, P.E. ("Mr. Ashworth") and Mr. Slintak.

(3) Motion *in Limine* 3: Andrew Peters ("Mr. Peters") from offering opinions on matters not identified in his expert reports or deposition testimony.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive

nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. DISCUSSION

#### A. Defendant's Motion *in Limine* 1

In its first motion *in limine*, Defendant argues that any evidence of its reserves should be excluded at trial. The Plaintiff responds that amount of the reserve set by the Defendant and its resulting lack of payment is relevant to whether it breached the policy. The Court agrees with the Defendant. "The calculation of insurance reserves is an accounting technique by which insurance companies estimate the maximum potential liability on a claim." *Barr v. Safeco Ins. Co. of Am.*, No. 83 C 2711, 1988 WL 64558 at *6 (N.D. Ill. 1988). "An insurer's ball park assessment of its potential maximum liability of a claim would appear to have little relevance to whether Plaintiff's damages are covered by the insurance policy and whether Defendant breached the policy by failing to pay for covered losses." *1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-22283-CIV, 2011 WL 9506, at *3 (S.D. Fla. Jan. 3, 2011). Allowing evidence to be presented on the amount of Defendant's reserves in this case could tend to improperly mislead the jury. *See Barr*, No. 83 C 2711, 1988 WL 64558 at *6. Accordingly, Defendant's first motion *in limine* is granted.

#### B. Defendant's Motion *in Limine* 2

Next, Defendant seeks to exclude evidence that Defendant acted in good faith or bad faith until this coverage action is resolved. However, as Plaintiff rightly notes, the parties' post-loss actions are directly relevant to establishing the breach of insurance contract claims at issue in this case. Moreover, Defendant provides no explanation for why such evidence would be "highly prejudicial" here. Thus, Defendant has failed to establish that the evidence of whether Defendant acted in good or bad faith is clearly inadmissible for any purpose. *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KR, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (explaining that "a

trial court should only exclude evidence in limine where the evidence is clearly inadmissible for any purpose."). Accordingly, Defendant's second motion *in limine* is denied.

### C. Defendant's Motions *in Limine* 3 and 5

Defendant's third and fifth motions *in limine* seeks to exclude any evidence or testimony of any of Plaintiff's expert witnesses that is used as a conduit for the introduction of otherwise inadmissible evidence and any documents not provided prior to suit.

"Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder*, 2018 WL 4956757, at *1 (citing *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). Further, a district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden*, 2001 WL 617521, at *1 (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D. N.Y. 1996)). The Court concludes that this motion *in limine* is overbroad in that it "lacks the necessary specificity with respect to the evidence to be excluded." *Id.* (citation omitted). The Court cannot categorically exclude the testimony of any potential expert witness that is used as a conduit for the introduction of otherwise inadmissible evidence, if any such testimony is presented, without first being apprised of the nature of that testimony and the purpose for its introduction. Thus, the Court will address any objections to such evidence or testimony at trial. Accordingly, Defendant's third motion is denied.

Likewise, the Court will not exclude any allegedly improper evidence that was not provided prior to suit in the abstract. This evidence, and Defendant's resulting objections to such

evidence, will be addressed if and when presented at trial. Therefore, Defendant's fifth motion *in limine* is denied.

### D. Defendant's Motion *in Limine* 4

Further, Defendant seeks to exclude any evidence that differs from the claim previously presented by Plaintiff, specifically as it relates to Plaintiff's proof of loss. Defendant presents no viable arguments for why any evidence of Plaintiff's prior proof of loss statements are inadmissible here. Instead, such ongoing, updated proof of loss statements are relevant to establishing the amount of loss Plaintiff suffered from the hurricane-related damage to its Property. Parties cannot use motions *in limine* as "substitute[s] for motion[s] for summary judgment. [Motions *in limine*] are [also] inappropriate for resolving substantive issues . . . . In addition, a motion in limine is not the mechanism by which we address or narrow the issues to be tried." *Royal Indem. Co.*, 2008 WL 2323900, at *1 (citations omitted). Defendant's fourth motion *in limine* improperly seeks to use a motion *in limine* to address the substantive issues to be tried in this case. Accordingly, because Defendant has failed to establish that the challenged evidence is clearly inadmissible, the Court denies this motion *in limine*. *See Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) ("Motions *in Limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.").

### E. Plaintiff's Motions *in Limine* 1 and 3

Plaintiff's first and third motions *in limine* seek to preclude Defendant's experts, Mr. Slintak and Mr. Peters, from offering opinions on matters not identified in their expert reports or deposition testimony. Federal Rule of Civil Procedure 37(c)(1) states that, "[i]f a party fails to

provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

The Court concludes that Plaintiff's first and third motions *in limine* are overbroad in that they "lack[] the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden*, 2001 WL 617521, at *1 (citation omitted). The Court cannot categorically exclude the testimony of any potential witness that was not timely disclosed, if any such testimony is presented, without first being apprised of the nature of the testimony and providing Defendant with an opportunity to establish that its failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Mitchell*, 318 F. App'x at 824. Until the nature of such testimony is known, however, this motion is premature. *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161-CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003). As such, this request is denied without prejudice. Lastly, to the extent that Plaintiff is requesting that the Court enforce the rules governing trial, this request is not properly the subject of a motion *in limine*. *Holder*, 2018 WL 4956757, at *1 ("Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." (citing *Royal Indem. Co.*, 2008 WL 2323900, at *1)).

### F. Plaintiff's Motion *in Limine* 2

In its second motion *in limine*, Plaintiff seeks to exclude the cumulative and duplicative expert witness testimony of Mr. Ashworth and Mr. Slintak regarding the causation of damages.

Defendant, however, explains that Mr. Ashworth and Mr. Slintak individually attended separate site inspections upon which they relied in creating their report and opinions. Thus, Defendant contends that neither Mr. Ashworth nor Mr. Slintak should be precluded from testifying at trial. The Court agrees. To the extent that Mr. Ashworth and Mr. Slintak intend to present the same testimony with regard to the causation of damages based on their report, such cumulative testimony will not be permitted. However, the Court will not categorically exclude either Mr. Ashworth's or Mr. Slintak's testimony as a whole. Therefore, Plaintiff's second motion *in limine* is granted in part and denied in part.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion in Limine to Exclude Evidence and Testimony Relating to "Reserves," Bad Faith, Conduit Testimony, Other Claims Presented, and Documents not Provided Prior to Suit, **ECF No. [69]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.

2. Plaintiff's Motion *in Limine*, **ECF No. [75]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record